11-3070-ag
Lin v. Holder

BIA
A073 676 558

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
    REENA RAGGI,
    RICHARD C. WESLEY,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

CHENG YONG LIN,
        *Petitioner,*

        v.                                          11-3070-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael Brown, Law Offices of
                       Michael Brown, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Thankful T. Vanderstar,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Cheng Yong Lin, a native and citizen of the People's Republic of China, seeks review of a July 14, 2011 decision of the BIA denying his motion to reopen his deportation proceedings. *In re Cheng Yong Lin*, No. A073 676 558 (B.I.A. July 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's motion to reopen, filed in September 2010, was untimely because the BIA issued a final order of removal in November 1999.

Lin contends, however, that he established a material change in conditions in China excusing the untimeliness of his motion to reopen because he now faces a greater risk of

2

persecution as a result of his pro-democracy activities in the United States. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). We conclude that the BIA's denial of Lin's motion to reopen as untimely was not an abuse of discretion.

As the BIA determined, Lin's pro-democracy activities in the United States constitute self-induced changes in personal circumstances, which are insufficient to excuse the untimeliness of his motion. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). The BIA also reasonably concluded that the Chinese government's awareness of Lin's pro-democracy activities in the United States, as established by his father's letter and the Changle City Hang Cheng Jie Dao Yang Yu Village Committee Notice, does not constitute a material change in conditions in China because Lin's original asylum claim was also based on the Chinese government's awareness of his pro-democracy activities. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).

Lin's contention that the BIA failed to assess the materiality of his country conditions evidence is not supported by the record. The BIA found that Lin was not similarly situated to the democracy activists described in

3

his media reports because his conduct occurred in the United States rather than China. Moreover, because the BIA reasonably determined that Lin's father's letter and the Changle City Hang Cheng Jie Dao Yang Yu Village Committee Notice did not establish any change in conditions in China, the BIA did not abuse its discretion by failing to assess the materiality of this evidence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The BIA also did not abuse its discretion in affording diminished weight to Lin's father's letter and the Changle City Hang Cheng Jie Dao Yang Yu Village Committee Notice. While Lin argues that the BIA improperly discounted this evidence due to a lack of authentication, the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Even assuming that Lin is correct, remand of these proceedings would be futile, and thus inappropriate, because the BIA reasonably concluded that Lin's father's letter and the Changle City Hang Cheng Jie Dao Yang Yu Village Committee Notice did not establish a change in country conditions. *See id.* at 339.

4

Lastly, Lin's argument that the BIA engaged in impermissible fact-finding is misplaced. We have recognized that the BIA will engage in fact-finding when considering relevant evidence of country conditions in evaluating a motion to reopen. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk